**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 11-cr-00438-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRY LEE BLANK,
   a/k/a Jerry Lee Green,

    Defendant.

---

## PROTECTIVE ORDER

---

The Court, having considered the parties' Stipulation for Protective Order (Doc. # 9), and good cause appearing, makes the following findings:

The Indictment in this case alleges that Defendant Blank concealed from the Social Security Administration his work and earnings under an alternate identity while receiving Social Security Disability Insurance Benefits under the Blank identity in violation of 42 U.S.C. § 408(a)(4) and concealed from the Department of Veterans Affairs (VA) his work and earnings under the alternate identity while receiving needs-based VA benefits under the Blank identity in violation of 18 U.S.C. § 1001(a)(1). In the course of the government's investigation, it obtained Defendant Blank's Social Security records, some of which refer to another, and records related to a bankruptcy Defendant

Blank filed in conjunction with another. The records contain personal information about Defendant Blank and the others, including home addresses, social security numbers, and dates of birth.

The government intends to produce this material in discovery to the defense. All materials that the government produces to the defense are solely for the use of the Defendant Blank, his attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others.

Based on the above findings, it is ORDERED that:

1. Defendant, his attorney, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

2. Defendant, his attorney, and all other individuals or entities who receive materials in this case shall maintain all materials received from the government in a manner consistent with the terms of this protective order. Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files, or

folders marked "UNDER PROTECTIVE ORDER – DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

3. Defendant and his attorney are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case. A knowing and willful violation of this protective order by the Defendant Blank, his attorney, or others may result in contempt of court proceedings or other civil or criminal sanctions.

4. Within 90 days of the conclusion of this case, including all related appeals, all documents produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. Alternatively, Defendant Blank's attorney may inform the United States Attorney's Office in writing that all such copies have been destroyed.

5. The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

DATED this   21st   day of November, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge